IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN BARTOW REYNOLDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:11-CV-311 (MTT) |
| | ) |
| JPMORGAN CHASE BANK N.A., | ) |
| *et. al*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Plaintiff's Motion to Remand and Motion for an Evidentiary Hearing (Doc. 16), and Defendants Homeowners Mortgage Enterprises, Inc. ("HME"), JPMorgan Chase Bank, N.A. as successor in interest to Chase Home Finance LLC, and Mortgage Electronic Registration Systems' ("MERS") Motions to Dismiss (Docs. 4, 7). For the following reasons, the Plaintiff's Motions are **DENIED** and the Motions to Dismiss are **GRANTED**.

**I. FACTUAL BACKGROUND**

On October 13, 2010, this Court dismissed a similar action filed by the Plaintiff because the complaint was largely incomprehensible. *Reynolds v. Mouridy*, 5:10-cv-249 (MTT) (Doc. 18). Although this Complaint is clearer, it is still difficult to understand. The Plaintiff alleges he entered into a loan agreement with HME on September 15, 2005. On January 5, 2006, the Plaintiff claims he paid Defendant CENLAR for an alleged loan by automated clearing house. The Plaintiff says Chase Home Finance LLC notified him November 7, 2006, that it owned another alleged loan, and that it was being serviced by a third party. The Plaintiff received two foreclosure letters from

Defendant Johnson & Freedman LLC ("J&F") through Defendant Prommis Solutions, LLC in April 2010.  An assignment from MERS to Chase was recorded May 24, 2010.  The Plaintiff believes this assignment was forged.  The Plaintiff filed the prior action for wrongful foreclosure May 28, 2010.

The Plaintiff alleges that on January 6, 2011, he revoked the power of attorney contained in the loan agreement with HME and alleged note owned by Chase.  Chase sent an acceleration warning to the Plaintiff on January 28, 2011.

J&F sent a notice of foreclosure in February 2011, and notices of sale were published in March 2011 and May 2011 for a June 1, 2011, sale.  An April 2011 printout lists JPMorgan as the servicer and the Federal National Mortgage Association ("FNMA") as the investor.

The Plaintiff argues the only loan he signed is the September 15, 2005, agreement with HME.  He argues Chase, J&F, and Prommis, ignored the January 2011 revocation of the power of attorney.

On June 24, 2011, the Plaintiff brought the following seven counts against the Defendants in the Superior Court of Lamar County: wrongful foreclosure and sale; "double-tracking/robo signing;" breach of contract; identity theft; theft by deception; "forged assignment;" and unjust enrichment.  On July 11, the Plaintiff filed a similar action in the Superior Court of Lamar County against FNMA and McCalla Raymer, LLC.  On August 12, 2011, JPMorgan and MERS removed the action to this Court with the consent of J&F, Prommis, and HME.[1]  Defendants HME, JPMorgan, and MERS filed Motions to Dismiss the following week.  The Plaintiff did not file a response.

---

[1] CENLAR has yet to be served, and thus its consent was not needed to remove.  *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207-08 (11th Cir. 2008).

## II.  DISCUSSION

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Federal Rules employ a notice pleading standard, which requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, __ U.S. at __, 129 S. Ct. at 1949.  A pleading containing mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Rather, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Id.* (quotation marks and citation omitted).

Although complaints by pro se litigants are to be liberally construed, pro se claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quotation marks and citation omitted).  In addition, the Court should not "'serve as de facto counsel for a party or … rewrite an otherwise deficient pleading in order to sustain an action.'"  *Appleton v. Intergraph Corp.*, 627 F. Supp. 2d 1342, 1348 (M.D. Ga. 2008) (quoting *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998)).

### 1. Subject-Matter Jurisdiction and *Sua Sponte* Dismissals

Although the Plaintiff did not respond to the Motions to Dismiss, the Court provided the Plaintiff with an opportunity to respond to its notice of intent to dismiss J&F, Prommis, and CENLAR for failure to state a claim. The Plaintiff's response did not state why this action should not be dismissed for failure to state a claim. Rather, the Plaintiff argued, for the first time, that the Notice of Removal was untimely filed and that there is no subject-matter jurisdiction because there is a lack of diversity and the amount-in-controversy is not met.[2] The Plaintiff contemporaneously filed a Motion to Remand on these grounds.

JPMorgan and MERS conceded that J&F and Prommis are non-diverse defendants in their Notice of Removal. However, JPMorgan and MERS contended J&F and Prommis were fraudulently joined because the Plaintiff cannot establish a cause of action against J&F and Prommis. JPMorgan and MERS also claimed in the Notice of Removal that the amount-in-controversy was met because the security deed is worth $155,750.00.

Contrary to the Plaintiff's assertions, the Court has subject-matter jurisdiction over this action. Pursuant to 28 U.S.C. 1447(c), a motion to remand on a basis other than subject-matter jurisdiction must be made within 30 days after the notice of removal is filed. Here, the Plaintiff waited over three months to argue the Notice of Removal was untimely filed, and thus his challenge is untimely.

---

[2] Based upon the Complaint and the Motion to Remand, it appears CENLAR is a diverse defendant. Thus, the lack of diversity argument is inapplicable to CENLAR, and it is dismissed for failure to state a claim.

Further, diversity of citizenship jurisdiction exists pursuant to 28 U.S.C. § 1332. First, the security deed meets the amount-in-controversy requirement. Second, there is diversity between the Parties. "If a defendant shows that there is no possibility the plaintiff can establish a cause of action against the resident defendant, … the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court."[3] *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (citing *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). Here, the Plaintiff only alleges J&F and Prommis ignored his purported revocation of his power of attorney and sent foreclosure notices. Because these allegations are insufficient to establish a cause of action against J&F and Prommis, they are dismissed, and the Motion to Remand must be denied.[4]

The Court sees no need to further discuss the jurisdictional issue, and thus the Motion for an Evidentiary Hearing is denied.

### 2. Claims Against HME, JPMorgan, and MERS

The Plaintiff does not allege any wrongdoing by HME. Specifically, he makes no connection between HME and MERS, who entered into an allegedly fraudulent assignment with Chase. Accordingly, HME's Motion to Dismiss must be granted.

With regard to the claims against JPMorgan and MERS, the Plaintiff fails to allege he was not in default of his mortgage obligations, and thus the wrongful

---

[3] It is not clear what happens to the non-diverse defendant when there is no possibility the plaintiff can establish a cause of action against him. *Henderson* states a court must *ignore* the presence of the non-diverse defendant, and *Florence* states a court must *dismiss* the non-diverse defendant. However, both statements are dicta because the Eleventh Circuit held that the non-diverse defendants were not fraudulently joined.

[4] Because the Motion to Remand is denied, it follows that the Plaintiff is not entitled to fees pursuant to 28 U.S.C. § 1447(c).

foreclosure claims must be dismissed.  Also, the Plaintiff's claims for double-tracking/robo signing must be dismissed because there is no such cause of action in Georgia.  The Plaintiff cannot recover on breach of contract claims because he fails to identify what contractual obligations JPMorgan or MERS owed to him.  In fact, the Plaintiff claims JPMorgan "has broken a contract it didn't have with the Plaintiff." (Complaint at ¶ 119).  Counts 4-6 (identity theft, theft by deception, and forged assignment) must be dismissed because they are criminal provisions that do not impose a civil penalty.  *Anthony v. American Gen. Fin. Servs., Inc.*, 287 Ga. 448, 455, 697 S.E.2d 166, 172 (2010).  Last, the Plaintiff cannot maintain an action against JPMorgan or MERS for unjust enrichment because Georgia's Uniform Commercial Code, O.C.G.A. § 11-3-309, does not require an "original wet ink signature" to foreclose.[5]  Further, that provision does not govern enforcement of a power of sale provision in a security deed.  Thus, JPMorgan and MERS are dismissed.[6]

### 3. Claims Against John Does 1-50

A district court may dismiss claims against a fictitious party *sua sponte* except when the plaintiff provides a specific description of the defendant.  *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).  Here, the Court is unable to identify John Does 1-50 because the Complaint does not provide any description of these Defendants.  Accordingly, the claims against John Does 1-50 are dismissed.

---

[5] According to the Plaintiff, "UCC 3-309 states 'To foreclose, the original wet ink signatures on the promissory note signed by the borrower(s) at closing is required to be produced, or proof of loss of the note.'" (Complaint at ¶ 60).  U.C.C. § 3-309, O.C.G.A. § 11-3-309 in Georgia, says no such thing.

[6] In the alternative, HME argued it should be dismissed on the merits under the JPMorgan/MERS analysis.  Because the Plaintiff also fails to state a claim against HME under the JPMorgan/MERS analysis, HME is dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, the Motion to Remand and the Motion for an Evidentiary Hearing are **DENIED**.  The Motions to Dismiss are **GRANTED**, and HME, JPMorgan, and MERS are **DISMISSED with prejudice**.  The remaining Defendants are **DISMISSED without prejudice**.  The Motions to Stay Scheduling and Discovery Deadlines (Docs. 8, 11) and the Motion to Consolidate Cases (Doc. 9) are **DENIED** as moot.

**SO ORDERED**, this the 21st  day of November, 2011.


S/Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT